UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
STEVEN BARON, JAMES GIORDANO
and RENEE PILEVSKY,

                           Plaintiffs,                          04-cv-4262
                                                                           (SJF)(ETB)
       -against-

                                                                      **OPINION & ORDER**

MARC M. FEDER and SHOSHANA FEDER

                           Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

       Plaintiffs Steven Baron, James Giordano and Renee Pilevksy ("Plaintiffs") initiated this action in New York Supreme Court, Nassau County, on August 17, 2004. According to Plaintiffs, defendants Marc Feder and Shoshana Feder ("Defendants") negligently dredged, excavated or altered the underwater areas abutting their property, thereby allegedly altering the flow of water to Plaintiffs' bulkhead and dock areas. Defendants removed the action to this Court on October 1, 2004, asserting federal question jurisdiction under the River and Harbor Appropriation Act of 1899, 33 U.S.C. § 403 (the "RHAA"). Defendants now move this Court to dismiss the action and Plaintiffs cross-move for leave to amend their complaint. For the reasons set forth below, Defendants' motion is denied without prejudice, Plaintiffs' cross-motion for leave to amend is denied as unnecessary and Defendants are ordered to submit briefing on whether this Court has subject matter jurisdiction over this action.

1

II.  Background[1]

Plaintiffs and Defendants separately own property in Lawrence, New York abutting a series of creeks.[2] According to Plaintiffs, Defendants submitted a series of applications to the New York State Department of Environmental Conservation (the "DEC") in 2001 requesting permits to remove and replace an existing bulkhead and floating dock. According to Plaintiffs' complaint, the application requested a permit to "dredg[e] the area in which the floating dock was located." (Cmplt. ¶ 2). On July 24, 2001, Defendants' application to dredge was denied. On September 13, 2001, the DEC issued Defendants a permit to engage in certain activities, but "prohibited dredging, excavating or other alteration of shoreline or underwater areas." (Id. ¶ 7). At some point in September or October 2002, Plaintiffs allege that Defendants "hired a man with a boat and directed him to conduct activities in the water abutting defendants' property . . . [that] resulted in an underwater area alteration . . . [causing] additional water [to] enter[] the area of defendants' newly constructed bulkhead and dock." (Id. ¶¶ 8-9). According to Plaintiffs, this negligent underwater activity altered the flow of water to their bulkhead and dock areas such that "at low tide substantial amounts of water recede[] from the bulkhead and dock areas . . . [causing them to be] without sufficient amounts of water . . . ." (Id. ¶¶ 11-12).[3]

Plaintiffs initiated this action in Supreme Court, Nassau County, on August 17, 2004. On October 1, 2004, Defendants removed the action to this Court, claiming jurisdiction under the

---

[1] Unless indicated otherwise, all facts are drawn from Plaintiffs' complaint.

[2] Plaintiff Baron's property is located at 53 Harborview West, Plaintiff Giordano's property is located at 49 Harborview West and Plaintiff Pilevsky's property is located at 41 Harborview West. Defendants' property is located at 37 Harborview West.

[3] Plaintiff Pilevsky has also asserted a claim arising out of damage allegedly inflicted to her property as the result of construction work in Defendants' backyard.

2

RHAA. Plaintiffs moved to remand the action to state court shortly thereafter on the ground that the notice of removal was not timely filed. In an Order dated January 12, 2005, this Court held that Defendants' notice of removal was timely, and denied Plaintiffs' motion to remand.[4] Defendants now move this Court to dismiss the action on the ground that Plaintiffs lack an ownership interest in the property underneath the water. Plaintiffs cross-move for leave to amend their complaint to explicitly assert violations of their riparian rights.[5]

III. Analysis

    A. Subject Matter Jurisdiction

Prior to addressing the merits of the parties' motions, this Court must establish that it has jurisdiction to proceed. Usha (India), Ltd. v. Honeywell Int'l, Inc., 2005 U.S. App. LEXIS 18574, at *7 (2d Cir. 2005) (citing Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse, 996 F.2d 506, 512 (2d Cir. 1993)); 28 U.S.C. § 1447(c); McNally v. Port Auth. (In re WTC Disaster Site), 414 F.3d 352, 365 (2d Cir. 2005). Upon a finding that subject matter jurisdiction is lacking, the Court must remand the case to state court at any time before final judgment has been entered. 28 U.S.C. § 1447(c). Defendants' Notice of Removal claims jurisdiction under 28 U.S.C. § 1331, which grants this Court jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to Defendants, "[t]his Court has jurisdiction over th[is] action . . . on the grounds that the well-pleaded allegations of the

---

[4] The parties' briefing on this motion and the Court's ensuing decision was limited to the timeliness of the Notice of Removal.

[5] While riparian rights technically refer to river-side property rights and littoral rights to sea-side property rights, both the parties to this litigation and the federal and state courts in New York use the terms interchangeably. See Gowanus Indus. Park, Inc. v. Amerada Hess Corp., 2003 U.S. Dist. LEXIS 15580 (E.D.N.Y. 2003) (Glasser, J.) (noting that the two terms connote substantively identical rights and using them interchangeably);Town of Oyster Bay v. Commander Oil Corp., 96 N.Y.2d 566, 571 (2001).

Complaint arise under the laws of the United States, i.e., the [RHAA] relating to the alteration of navigable waters of the United States . . . ." (Not. Rem. ¶ 4).

The 'well-pleaded complaint' rule grants the federal courts jurisdiction to hear actions in which a "well-pleaded complaint asserts a federal claim on its face." City of Rome v. Verizon Communs., Inc., 362 F.3d 168, 174 (2d Cir. 2004) (citing Beneficial National Bank v. Anderson, 539 U.S. 1 (2003)).[6] "[T]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach." City of Rome, 362 F.3d at 174; see also Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 153-54 (1908).

A plaintiff's election to bring its claims in a state forum should generally be respected. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Taylor v. Anderson, 234 U.S. 74, 75-76 (1914). Furthermore, "[i]t is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Korsinsky v. Salomon Smith Barney Inc., 2002 U.S. Dist. LEXIS 259, No. 01 Civ 6085, 2002 WL 27775, at *2 (S.D.N.Y. Jan. 10, 2002) (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

Defendants cite to the RHAA as the basis for subject matter jurisdiction. Defendants' Notice of Removal does not explain, however, either (1) where in Plaintiffs' well-pleaded complaint such federal claims are asserted or (2) why this action is subject to one of the exceptions to the well-pleaded complaint rule. Defendants' motion to dismiss is therefore

---

[6]There are two exceptions to the 'well-pleaded complaint' rule: "[(1)] when Congress expressly so provides, such as in the Price-Anderson Act which deals with nuclear accidents . . . or [(2)] when a federal statute wholly displaces the state-law cause of action through complete pre-emption." City of Rome, 362 F.3d at 176 (citing Beneficial Nat'l Bank, 123 S. Ct. at 2063).

4

denied without prejudice, and Defendants are directed to submit briefing on whether this Court has subject matter jurisdiction over this action. See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (holding that the party asserting jurisdiction bears the burden of demonstrating its existence); Crazy Eddie, Inc. v. Cotter, 666 F. Supp. 503, 508 (S.D.N.Y. 1987) (holding that the removing party bears the burden of establishing that the case falls within the court's removal jurisdiction).

B.  Leave to Amend

"Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Min Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Fed. R. Civ. P. 15(a). Defendants have moved to dismiss on the ground that Plaintiffs lack any ownership interest in the property underneath the water. In response, Plaintiffs claim that their complaint asserts violations of their riparian rights as owners of property abutting the creeks. However, Plaintiffs also request that, in the event the Court finds the complaint deficient in this regard, they be granted leave to amend to assert such claims. While leave to amend should be granted freely, the Court finds amendment unnecessary.

"Riparian owners generally are entitled to access to water for navigation, fishing and other such uses . . . [and] ha[ve] the right to make this access a practical reality by building a pier, or 'wharfing out.'" Town of Oyster Bay, 96 N.Y.2d at 571 (citing Trustees of Town of Brookhaven v Smith, 188 N.Y. 74, 85 (1907)). Plaintiffs have alleged that (1) they own property abutting the creeks at issue, and (2) that as a result of Defendants' actions, "[P]laintiffs['] use of their docks or boats at low tide has been substantially affected." (Cmplt. ¶ 12). While a more

artful or explicit reference to Plaintiffs' riparian rights might improve the form of Plaintiffs' complaint, the "Federal Rules [of Civil Procedure] reject the approach that pleading is a game of skill." Conley v. Gibson, 355 U.S. 41, 48 (1957); see also Fed. R. Civ. P. 8(f); Alexander v. Unification Church of America, 634 F.2d 673, 678 (2d Cir. 1980). Plaintiffs' complaint asserts violations of their rights as owners of property abutting the creeks, and this is sufficient to put Defendants on notice of these claims for purposes of Fed. R. Civ. P. 8. Plaintiffs' motion to amend is therefore denied on the ground that it is unnecessary.

IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is denied without prejudice and Plaintiffs' cross-motion to amend is denied as unnecessary. Defendants are hereby directed to submit briefing on this Court's jurisdiction within thirty (30) days of the date of this Order. Plaintiffs shall submit any opposition papers thirty (30) days thereafter, and Defendants reply papers, if any, shall be submitted ten (10) days after that.

IT IS SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Central Islip, New York
October __, 2005

To:

Kenneth G. Gerard, Attorney at Law
225 Broadway
Suite 2199
New York, NY 10007

Matthew P. Feser
Troutman Sanders LLP
405 Lexington Avenue
New York, NY 10174

Stephen George Rinehart
Jenkens & Gilchrist Parker Chapin LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Roy W. Vasile
Curtis, Vasile, Devine & McElhenny, Esqs.
2174 Hewlett Avenue
P.O. Box 801
Merrick, NY 11566